AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

_Southern_ District of _New York_

INDUSTRIAL CARRIERS INC.

V.

VAN NICE SHIPPING (H.K.) CORP. LTD. and
POINTER INVESTMENT (H,K.) LTD.

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER:

08 CIV 5473

JUDGE DANIELS

TO: (Name and address of Defendant)

VAN NICE SHIPPING (H.K.) CORP. LTD., c/o Xiamen ITG Shipping Co., Ltd., Xiamen, China

POINTER INVESTMENT (H.K.) LTD., Room 3202 Shun Tak Centre, 200 Connaught Road Central, Hong Kong, China

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

MAHONEY & KEANE LLP
11 Hanover Square, Tenth Floor
New York, NY 10005
Tel (212) 385-1422

an answer to the complaint which is served on you with this summons, within _twenty (20)_ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

CLERK

(By) DEPUTY CLERK

JUN 17 2008

DATE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
INDUSTRIAL CARRIERS INC.,

              Plaintiff,

      -against-

VAN NICE SHIPPING (H.K.) CORP. LTD.
and POINTER INVESTMENT (H.K.) LTD.,

              Defendant.
------------------------------------X

08 Civ.

VERIFIED COMPLAINT

    PLEASE TAKE NOTICE that Plaintiff, INDUSTRIAL CARRIERS INC. (Plaintiff or "ICI"), by its attorneys, MAHONEY & KEANE, LLP, as and for a Complaint against Defendants, VAN NICE SHIPPING (H.K.) CORP. LTD. and POINTER INVESTMENT (H.K.) LTD., alleges, upon information and belief, as follows:

    1.    This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is based upon 28 U.S.C. § 1333, as well as the Court's pendent, supplementary and ancillary jurisdiction.

    2.    Plaintiff is a legal entity duly organized and existing pursuant to the laws of a foreign country and, at all pertinent times was the charterer of the M/V VAN NICE.

    3.    Defendant VAN NICE SHIPPING (H.K.) CORP. LTD. ("VAN NICE") is a business entity organized and existing pursuant to the laws of a foreign country, with a place of business located at Room 3202 Shun Tak Centre, 200 Connaught Road Central, Hong Kong, China.

4. Defendant POINTER INVESTMENT (H.K.) LTD., ("POINTER INVESTMENT") is a business entity organized and existing pursuant to the laws of a foreign country, with a place of business located at Room 3202 Shun Tak Centre, 200 Connaught Road Central, Hong Kong, China..

5. Upon information and belief, POINTER INVESTMENT is a wholly or partly owned subsidiary of Defendant VAN NICE, or vice versa.

6. Upon information and belief, VAN NICE uses Defendant POINTER INVESTMENT as a conduit to pay its debts and obligations and is otherwise an alter ego of POINTER INVESTMENT, or vice versa.

7. Upon information and belief, POINTER INVESTMENT is a shell corporation through which Defendant VAN NICE conducts business, and vice versa.

8. Upon information and belief, POINTER INVESTMENT has no separate, independent identity from Defendant VAN NICE, and vice versa.

9. Upon information and belief, Defendant POINTER INVESTMENT is the alter ego of Defendant VAN NICE because VAN NICE dominates and disregards POINTER INVESTMENT's corporate form to the extent that VAN NICE is actually carrying on the business and operations of POINTER INVESTMENT, as if they were its own, or vice versa.

10. Upon information and belief, POINTER INVESTMENT acts as a paying agent, or receiving agent, or arranges for other non-parties to satisfy the debts and obligations of Defendant VAN NICE

and/or receives payments being made to Defendant VAN NICE, or vice versa.

11. On or about January 22, 2008, and at times prior thereto, Defendant POINTER INVESTMENT received payments due to Defendant VAN NICE.

12. Upon information and belief, Defendant POINTER INVESTMENT has and continues to receive funds on behalf of Defendant VAN NICE, or vice versa.

13. The receipt of funds due one Defendant by the other was done wrongfully, deceiving and avoiding the lawful creditors of said defendants.

14. Moreover, according to the Hong Kong Registry, Defendant POINTER INVESTMENT has the same Registered Office as Defendant VAN NICE.

15. Plaintiff, as charterer, and Defendant VAN NICE, as owner, entered into a time charter agreement dated September 25, 2007 at Xiamen for the use of the M/V VAN NICE for 11 to 13 months.

16. Under the terms of the charter party, the Captain was to be placed under the orders and directions of Plaintiff as regards employment and agency, and Plaintiff was entitled to instruct the vessel to load or discharge at any port world wide, save those specifically excluded.

17. On or about May 8, 2008, Plaintiff instructed the vessel to load a cargo bound for Amsterdam, Netherlands.

18. Wrongfully and in breach of the charter party, Defendants refused to comply with and/or accept the validity of Plaintiff's instructions to proceed to the Netherlands.

19. On or about May 19, 2008, Defendants also wrongfully and in breach of the charter party identified several additional countries, not otherwise excluded from the vessel's trading limitations, to which the vessel would refuse to proceed.

20. As a result of the Defendants' breaches of the charter party as aforesaid, Plaintiff has incurred and will continue to incur damages, costs, and expenses for which Defendants are liable under the terms of the charter agreement between the parties and at law.

21. As a result of the foregoing, Plaintiff was unable to carry out its course of business, and therefore incurred and will continue to incur damages, costs, and expenses for which Defendants are liable under the terms of the agreement between the parties and at law.

22. Further on 24 May 2008 the Defendants, in breach of its charter party obligations fixed Van Nice for a voyage for its own account and on 29 May 2008 sailed from Singapore to perform said voyage. On or about 5 June 2008 Plaintiff acknowledged that Defendants wrongful and repudiatory conduct had brought the charter to an end.

23. Plaintiff has placed Defendants on notice of its claim that Defendants have breached the referenced charter party.

24. Despite Plaintiff's demands, Defendants have failed to pay the amounts due and owing to Plaintiff.

25. Pursuant to the charter party, disputes are to be settled by arbitration in Hong Kong, and Plaintiff has commenced arbitration with Defendant VAN NICE, accordingly.

26. Under the rules of such arbitration, interest, costs, and attorneys' fees are routinely awarded to the prevailing party.

27. As a result of Defendants' breach of the agreement, Plaintiff has sustained damages, and, as best as can now be estimated, Plaintiff expects to recover the following amounts by way of arbitral award:

| | |
|---|---|
| Principal Claim | $13,363,425.30 |
| Interest (for a period of 3 yrs at 8.0%) | $3,207,222.00 |
| Attorneys' and Expert's Fees, Arbitration Expenses | $500,000.00 |
| **Total** | $17,070,647.30 |

28. Plaintiff sues on its own behalf and as agent and trustee on behalf of any other party who may now have or hereinafter acquire an interest in this action.

29. All conditions precedent required of Plaintiff in the aforesaid agreement have been performed.

30. Defendants cannot be found, within the meaning of Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims, within this District, but, upon information and belief, Defendants have or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court held in the hands of

garnishees including, but not limited to, Bank of America, Bank of New York, Citibank, HSBC Bank USA NA, J.P. Morgan Chase, Standard Chartered Bank, Wachovia Bank N.A., Deutsche Bank AG, ABN AMRO Bank N.V., American Express Bank Ltd., Mellon Bank, UBS, and/or Bank of China (Hong Kong), Ltd., which are believed to be due and owing to Plaintiff.

31. For the purpose of obtaining personal jurisdiction over Defendants and securing Plaintiff's claim as described above, Plaintiff seeks and order from this Court directing the Clerk of the Court to issue process of maritime attachment and garnishment pursuant to Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims and the Federal Arbitration Act, 9 U.S.C. § 1 et seq., restraining and attaching any assets, cash, funds, credits, wire transfers, electronic funds transfers, accounts, letters of credit freights, sub-freights, charter hire, sub-charter hire, and/or other assets belonging to, due or for the benefit of Defendants, including but not limited to such assets as may be held, received or transferred in its own name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking institutions including but not limited to the aforesaid garnishees and/or any other garnishee upon whom a copy of the Process of Maritime Attachment and Garnishment may be served.

WHEREFORE, Plaintiff prays:

A.  That process in due form of law issue against Defendants, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

B.  That, since Defendants cannot be found in this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, the Court direct the Clerk of the Court to issue an order, pursuant to Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims and the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, restraining and attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including but not limited to the Bank of America, Bank of New York, Citibank, HSBC Bank USA NA, J.P. Morgan Chase, Standard Chartered Bank, Wachovia Bank N.A., Deutsche Bank AG, ABN AMRO Bank N.V., American Express Bank Ltd., Mellon Bank, UBS, Bank of China (Hong Kong) Ltd., and/or any other garnishee upon whom a copy of the Process of Maritime Attachment and Garnishment may be served, in the amount of **$17,070,647.30** to secure Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and answer the matters alleged in the Complaint;

C.  That the Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof.

- 8 -

      D.   That Plaintiff has such other and further relief as this Honorable Court may deem just and proper.

Dated:   New York, NY
           June 16, 2008

                          Respectfully submitted,

                          MAHONEY & KEANE, LLP
                          Attorneys for Plaintiff

By: _____
     Edward A. Keane (EK 1398)
     11 Hanover Square, Tenth Floor
     New York, New York 10005
     Tel. (212) 385-1422
     Fax. (212) 385-1605
     File No. 12/3596/B/08/6

<u>ATTORNEY VERIFICATION</u>

STATE OF NEW YORK    :
                     :  SS.:
COUNTY OF NEW YORK   :

    1.    My name is EDWARD A. KEANE.

    2.    I am over 18 years of age, of sound mind, capable of making this Verification and fully competent to testify to all matters stated herein.

    3.    I am the attorney for Plaintiff, INDUSTRIAL CARRIERS INC., and I am fully authorized to make this Verification on its behalf.

    4.    I have read the foregoing Complaint and the contents thereof are true and accurate to the best of my knowledge, information and belief.

    5.    The reason that this Verification was made by me and not the Plaintiff is that the Plaintiff is a corporation none of whose officers are present in this District.

    6.    The source of my knowledge is information and records furnished to me by the Plaintiff and its counsel, all of which I believe to be true and accurate.

Dated:   New York, New York
          June 16, 2008

                                                EDWARD A. KEANE